UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN GONGORA, | CASE NO. C26-0982JLR |
| Petitioner, | ORDER |
| v. | |
| ICE FIELD OFFICE DIRECTOR, et al., | |
| Respondents. | |

## I.   INTRODUCTION

Before the court is Petitioner Juan Gongora's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 6).)  Petitioner is proceeding *pro se* and *in forma pauperis* ("IFP") in this action.  (*See* 4/3/26 IFP Order (Dkt. # 5).)  The Government[1] opposes the petition.  (Return (Dkt. # 9).)  Petitioner did not file a traverse.  (*See*

_____

[1] The Federal Respondent is the Immigration and Customs Enforcement Field Office Director (referenced herein as the "Government").  (Pet. at 1.)

ORDER - 1

*generally* Dkt.)  The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES the petition.

## II.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States at an unknown location and on an unknown date.  (Correa Decl. (Dkt. # 10) ¶ 3.)  On January 9, 2020, the Renton, Washington Police Department arrested Petitioner for driving while license suspended.  (*Id*. ¶ 4(a).)  On January 27, 2021, the Renton, Washington Police Department arrested Petitioner for driving with suspended vehicle registration.  (*Id*. ¶ 4(b).)  On August 19, 2021, the Renton, Washinton Police Department arrested Petitioner for failure to appear.  (*Id*. ¶ 4(c).)  On July 18, 2025, the Bozeman, Montana Police Department arrested Petitioner for obstructing a peace officer.  (*Id*. ¶ 4(d).)  On January 20, 2026, a Customs and Border Protection ("CBP") agent encountered Petitioner during a traffic stop near Rocker, Montana and determined that he entered the United States without valid documents.  (*Id*. ¶ 5.)  CBP detained Petitioner; issued him a Notice to Appear; and placed him in removal proceedings in the Tacoma, Washington Immigration Court.  (*Id*.)  CBP transported Petitioner to the Northwest Immigration Processing Center, where he has since remained.  (*Id*.)

On February 12, 2026, Petitioner filed a habeas petition in the United States District Court, Western District of Washington.  (*Id*. ¶ 6); *Ramirez v. Hermosillo*, C26-00527TMC, 2026 WL 473630, at *1 (W.D. Wash. Feb. 19, 2026).  The court granted the petition and ordered the Government to provide Petitioner with a bond

hearing within 14 days of the date of the order.  (Correa Decl. ¶ 7); *Ramirez*, 2026 WL 473630, at *2 (so ordering).  On February 27, 2026, an Immigration Judge ("IJ") in Tacoma, Washington held a bond hearing under 8 U.S.C. § 1226(a) for Petitioner, where the IJ determined him to be a flight risk and denied bond.  (Correa Decl. ¶ 8.)  Petitioner did not appeal the IJ's decision to the Board of Immigration Appeals.  (*Id*.)  Petitioner's next master calendar hearing is scheduled on May 4, 2026.  (*Id*. ¶ 9.)

On April 3, 2026, Petitioner filed the instant habeas petition seeking his immediate release from federal custody pursuant to 8 U.S.C. § 2241.  (*See generally* Pet.)  The petition is now fully briefed and ripe for the court's consideration.

## III.    ANALYSIS

Habeas petitioners must provide by preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner moves the court for an order mandating that the Government release him pending all finality or, in the alternative, order a bond hearing.  (Pet. at 2.)  In response, the Government asserts that the court should deny the petition because Petitioner (1) is lawfully detained pursuant to § 1226(a), and (2) failed to exhaust his administrative remedies as to his prior bond hearing.  (*See generally* Return.)  The court agrees with the Government for the reasons set forth below.

When the United States commences removal proceedings against a noncitizen, the noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."  8 U.S.C. § 1226(a).  The § 1226(a) framework

is discretionary; an immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge.  8 C.F.R. § 1236.1(c)(8), (d)(1).  At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'"  *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In Re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

There is no dispute that Petitioner is subject to discretionary custody under § 1226(a).  (Pet.; Return); *see also Ramirez*, 2026 WL 473630, at *2 (so holding).  Petitioner similarly does not dispute that on February 27, 2026, an IJ held a bond hearing under § 1226(a) where the IJ determined Petitioner to be a flight risk and denied him bond.  (*See generally* Pet.; *see also* Correa Decl. ¶ 8.)  Thus, the court determines that Petitioner has already received the requested relief.

Accordingly, the court determines that Petitioner has not provided by preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to a bond hearing.  8 U.S.C. § 2241(c); *Davis*, 384 F.3d at 638.  Because the court denies the requested habeas relief on this ground, it declines to address the Government's arguments as to the requirement to exhaust administrative remedies.

//

//

ORDER - 4

## IV.   CONCLUSION

For these reasons, the court DENIES the petition (Dkt. # 6), without prejudice to Petitioner refiling a future habeas petition under appropriate circumstances.

Dated this 27th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5